NATIONAL ZINC CO. et al. v. GOINES et al.

No. 31204. Jan. 25, 1944.

145 P. 2d 183.

Shirk, Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for petitioners.

Williams & Teague, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by National Zinc Company and its insurance carrier, hereinafter referred to as petitioners, to obtain a review of an order made by a trial commissioner of the State Industrial Commission which, in effect, overruled and denied a plea to the jurisdiction of the State Industrial Commission over a claim to compensation asserted by Buford C. Goines, hereinafter referred to as respondent.

The facts are not in dispute. On June 6, 1938, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation for disability alleged to have been sustained as a result of inhalation of chlorine gas on May 28, 1938. The petitioners denied respondent had sustained an accidental injury, but thereafter, on September 8, 1939, paid the sum of $891 in settlement of temporary total disability. The settlement so made was evidenced by a form 7 agreement which was approved by the State Industrial Commission on September 21, 1939. Thereafter, on May 17, 1942, petitioners, upon leave granted so to do, renewed their plea to the jurisdiction of the commission over the subject matter of the claim of respondent and sought a dismissal of the claim for the reason of lack of an accidental injury upon which to base the claim and necessary to the jurisdiction of the State Industrial Commission to make an award or order other than one of dismissal. Hearings were held to determine liability and extent of disability. The medical evidence adduced at the hearings disclosed that the disability of respondent was attributable solely to chronic lead poisoning and to no other cause. Upon the evidence so adduced, the trial commissioner made the following findings of fact and order:

"I. That on the 28th day of May, 1938, the claimant was in the employ of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of violent illness in stomach.

"2. That the average wages of the claimant at the time of said accidental personal injury were $28.80 per week.

"3. That the claimant has therefore been paid the sum of $891, as compensation for temporary total disability, by reason of said accidental injury, as evidenced by Form 7 filed herein September 8, 1939, and approved September 21, 1939.

"4. That the evidence is insufficient to prove any decrease in wage earning capacity, and claimant's claim for compensation for permanent partial disability should therefore be denied.

"It is therefore ordered by the trial commissioner, That claimant's claim for compensation for permanent partial disability be and the same is hereby denied."

The petitioners as ground for the vacation of the aforesaid order contend that there is no competent evidence in the record to sustain the finding of an accidental injury, and that all of the evidence shows that the disability of respondent is attributable solely to chronic lead poisoning, an occupational disease, and that therefore the commission was without jurisdiction to make any order save one of dismissal of the claim. The contention of the petitioners must be sustained.

The authority of the State Industrial Commission is limited to disabilities which result from accidental injuries (85 O. S. 1941 § 3, subd. 7; Ford Motor Co. v. Scruggs, 154 Okla. 219, 7 P. 2d

479; Thomas v. Ford Motor Co. 114 Okla. 3, 242 P. 765), and does not extend to disabilities which result from an occupational disease. C. K. Howard & Co. v. McKay, 189 Okla. 453, 117 P. 2d 525; Pace, Rainer & Pace v. Robertson, 186 Okla. 406, 98 P. 2d 46; Wilson & Co. v. McGee, 163 Okla. 99, 21 P. 2d 25; Imperial Refining Co. v. Buck, 155 Okla. 25, 7 P. 2d 908; U. S. Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773; St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170.

In Thomas v. Ford Motor Co., supra, we held that chronic lead poisoning is an occupational disease and disability caused thereby is not compensable. The evidence in the record here presented shows without contradiction that the disability of respondent was due to chronic lead poisoning and no other cause. When this appeared, the commission should have dismissed the claim for lack of jurisdiction to entertain it. The finding of an accidental injury in the order under review is wholly unsupported by any competent evidence shown in the record and is directly contrary to all such evidence. Where a finding of fact material to an order or award is unsupported by any competent evidence shown in the record, this court will vacate the award as a matter of law. Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777.

The order under review is therefore vacated, with directions to dismiss the claim of the respondent.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, and WELCH, JJ., concur. HURST and ARNOLD, JJ., dissent. OSBORN and DAVISON, JJ., absent.