## SPECIAL INDEMNITY FUND v. ENGLAND et al.

No. 33408.    March 6, 1951.

*228 P. 2d 629.*

Mont R. Powell and Anthony R. Kane, Oklahoma City, for petitioner.

F. L. Arvin and Tom Arvin, Enid, and Mac Q. Williamson, Atty. Gen., for respondents.

LUTTRELL, V.C.J. This is an original proceeding in this court to review an award made by the State Industrial Commission in favor of Norman Edward England against the Special Indemnity Fund of the State of Oklahoma. From the record it appears that respondent, on December 17, 1946, filed a claim for compensation with the State Industrial Commission for an injury received by him on November 12, 1946, while in the employ of Tankersley Construction Company. In his claim he stated that he was a physically impaired person in that on February 28, 1937, he sustained a fracture to his right knee as a result of an automobile accident, and that as a result of this accident he had varicose veins.

The trial commissioner heard the evidence and made an award, both against Tankersley Construction Company and against Special Indemnity Fund, and both appealed to the commission en banc. Before the hearing before the commission en banc Tankersley Construction Company and claimant settled the claim against Tankersley Construction Company by joint petition.

On the appeal the commission en banc affirmed the award made against Special Indemnity Fund.

The decisive question presented in this proceeding is whether the award made by the trial commissioner against Special Indemnity Fund and affirmed by the commission en banc was sustained by sufficient evidence, it being urged by Special Indemnity Fund that the evidence was wholly insufficient to show that claimant at the time of his last injury was a physically impaired person, as defined by 85 O.S. Supp.

1947 §171, S. L. 1943, p. 258, §1. The parties agree that the only category contained in section 171 within which claimant would fall is No. 3, which defines a physically impaired person as one who has suffered "the loss of the use, or partial loss of use, of a specific member, such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession."

Examination of the record in the instant case discloses that three physicians testified to claimant's condition, and that claimant also testified in reference thereto. Claimant testified that he received the old injury to the right leg in 1937, when he was in a car accident; that he had surgery to his right knee as a result of that accident; was hospitalized for eight weeks, and that the old injury and the resulting scar on his knee bothered him for some six or eight weeks after he had gotten out of the hospital, and that it was not fully healed until some six months afterwards. Questioned by the trial commissioner, he testified that after that the pain passed away and he was all right to a certain extent, and that the injury did not disable him at all to do ordinary manual labor. He testified that this injury did not result in varicose veins, or that varicose veins did not develop as a result of the injury, but that they began to bother him some four years thereafter. He also testified that after the injury in 1937 he had continued to work in manual labor and that his knee was a little weak as a result of that injury.

Three physicians testified as to the condition of claimant's right leg. Dr. Ray L. Hall, who examined claimant after he received the last injury, testified that claimant had varicose veins in his right leg which were aggravated or made worse by the last injury, and that he found at the time of his examination ulcers on claimant's right leg caused by the bruises on his leg received in the last injury, and that his leg was in bad condition. Asked the specific question, "How much of the present disability to the man's right leg can you say is a result of this accident of November 12, 1946?" he answered, "I would say all of it." He further testified that claimant had this varicose condition in the leg and had it under control, and when he bruised it in the last accident it broke out in a new place. He further testified that the leg showed evidence of previous ulcers, and that anyone having a varicose ulcer and having to wear a bandage on it would have disability, but he was unable to say how much.

Dr. F. A. Hudson of the Enid Clinic, who treated claimant shortly after the injury of November 12, 1946, testified that at that time claimant did not mention or complain of his leg; that he had an old ulcer on the leg and had a sort of bandage which he had evidently put on himself, and that claimant stated that he had had varicose ulcers for a long time which had healed up and broken down before he came to the hospital. He further said that claimant stated that he had had trouble with varicose veins in his right leg since 1941, and that the injury to claimant's knee would not have anything to do with the varicose veins in claimant's leg, but that if he had a varicose condition in his leg and skinned or bumped it, it would cause this condition to flare up and tend to make it worse. He testified that claimant never asked him to treat the leg, saying that it was always something he had taken care of himself.

A third physician, Dr. Paul H. Rempel, testified that he had examined claimant twice; that in his opinion the varicose condition of his leg was aggravated by the injury of November, 12, 1946; that as far as he knew varicose veins as such were not considered disability, and that prior to the injury of November 12, 1946, claimant had no apparent disability or difficulty that hindered his work, but that as a result of the injury of November 12th he did

have. These four witnesses were all who testified.

From this evidence it appears that, according to claimant's own testimony, he suffered no loss of use of his right leg because of the injury to his kneecap in 1937, or by reason of the varicose veins which thereafter developed prior to the time of his last injury, but had been continuously engaged in manual labor of various heavy types, including roughnecking on an oil and gas lease, working in construction of sewers, and other such work almost continuously after he had recovered from the injury to his kneecap in 1937 until the accident which occurred in 1946. He contends that Dr. Hall's testimony was sufficient to show that claimant was a physically impaired person, and that claimant was requested to and did exhibit his leg to the trial commissioner, so that under Special Indemnity Fund v. Keel, 196 Okla. 315, 164 P. 2d 996, the evidence sufficiently showed that claimant was a physically impaired person. It is true that Dr. Hall testified that the ulcerated condition of claimant's leg at the time he examined claimant did disable him, and it is also true that the surgical scar left by the operation on his kneecap as a result of the 1937 car accident was visible to the trial commissioner, as was the ulcerated condition, which Dr. Hall testified was a result of the 1946 injury. But an analysis of all the evidence discloses that the opinions of the physicians were based upon examinations of claimant's leg after the last injury, in which he contended that his leg was cut and bruised, and that all of the physicians, as well as claimant, considered the condition of his leg prior to the last injury as not disabling him from performing manual labor, and that he had no loss of use thereof prior to the last injury.

In order to bring claimant within the third category or definition of a physically impaired person contained in section 171, supra, it is apparent that there must be first a loss of use of a specific member, and that testimony as to scars upon claimant's leg which might be observable to an ordinary layman upon examination would not alone be sufficient to support a finding that he was a physically impaired person. In the instant case all the testimony, when analyzed, negatives the loss of any use of claimant's leg prior to the last injury. It follows that the evidence is not sufficient to establish the fact that claimant was a physically impaired person at the time he suffered the last injury, and that therefore the award against Special Indemnity Fund was erroneous.

Award vacated.

ARNOLD, C.J., and CORN, GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.