**OKLAHOMA EMPLOYMENT SECURITY COMMISSION**

v.

**SANDERS.**

No. 35659.

Supreme Court of Oklahoma.

May 18, 1954.

Rehearing Denied June 29, 1954.

Burton Duncan and Gerald S. Tebbe, Oklahoma City, for plaintiff in error.

Gilliland, Withington, Shirk & Clifford, Oklahoma City, Wayne W. Bayless, Oklahoma City, of counsel, for defendant in error.

WILLIAMS, Justice.

This is an action to review a decision of the Oklahoma Employment Security Commission, hereinafter called Commission, denying plaintiff's application for refund of contributions paid and an adjustment of his rate of contribution.

In April of 1944, Leo Sanders, plaintiff in the trial court, and referred to hereinafter as plaintiff, filed with such Commission an Employer's Quarterly Adjustment Report for each of the quarters ending March 31, 1942, June 30, 1942, September 30, 1942, December 31, 1942, March 25, 1943, June 30, 1943, and September 30, 1943, respectively. These reports were in the nature of amended Employer's Quarterly Contribution Reports and were filed for the purpose of obtaining a refund of overpayments of employer's contributions allegedly made by plaintiff to the Oklahoma Unemployment Compensation Fund.

Such Adjustment Reports for the quarters ending March 31, 1942 and June 30, 1942, alleged an error in the rate of contribution charged, while same for the other quarters above mentioned alleged error in the amount of taxable wages reported as well as error in the rate of contribution charged.

A hearing was had before Commission after which it entered its order in all respects denying Sanders the relief sought. Sanders thereupon appealed such decision to the district court which reversed the Commission to the extent of awarding Sanders a judgment for a refund in the amount of $17,228.15 on the ground of error in the amount of wages reported, but denied him any adjustment in the rate of

contribution assigned to him. Both parties have appealed.

The Commission, as plaintiff in error, contends that its findings are binding on the district court and that such court was therefore in error in reversing the order of such Commission. This is based on the provisions of 40 O.S.1941 § 224(g) which reads as follows:

"In any judicial proceeding under this Section the findings of the Commission, or its duly authorized representative, as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law."

We are not entirely without precedent in regard to the construction of this statute as we have heretofore on several occasions considered a similar provision of the workmen's compensation statute which provides that the decision of the Industrial Commission shall be final as to all questions of fact. In those cases we have held that a finding which is unsupported by competent evidence will be vacated as a matter of law. Special Indemnity Fund v. England, 204 Okl. 207, 228 P.2d 629; National Zink Co. v. Goines, 193 Okl. 460, 145 P.2d 183; American Iron & Machine Works v. Weatherman, 187 Okl. 260, 102 P.2d 604.

The Missouri court has considered their (identical) statute in the case of S. S. Kresge Co. v. Unemployment Compensation Commission, 1942, 349 Mo. 590, 162 S.W. 2d 838, 840. In that case the court said:

"We said, as pointed out by the Commission, in A. J. Meyer & Co. v. Unemployment Compensation Commission [348] Mo. [147], 152 S.W.2d 184, 196, that the rule with respect to the facts in Workmen's Compensation Commission review proceedings obtains in Unemployment Compensation Commission review proceedings, viz.: ' "Findings of fact made by the commission, if sustained by sufficient competent evidence, are, absent fraud, conclusive on appeal * * *." ' In workmen's compensation cases we also

have observed: Whether the facts found are so sustained is a question of law. Leilich v. Chevrolet Motor Co., 328 Mo. 112, 120 (II), 40 S.W.2d 601, 604 (II). If the evidence, although some, be not legally sufficient or lack sufficient probative force to sustain the award, the findings and award are not binding on the court and it is the duty of the court to set aside the award."

The Supreme Court of the United States has likewise considered a similar statute in the case of Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 216, 83 L.Ed. 126, and said in the opinion:

"The companies contend that the Court of Appeals misconceived its power to review the findings and, instead of searching the record to see if they were sustained by 'substantial' evidence, merely considered whether the record was 'wholly barren of evidence' to support them. We agree that the statute, in providing that 'the findings of the Board as to the facts, if supported by evidence, shall be conclusive', * * * means supported by substantial evidence. Washington, V. & M. Coach Co. v. National Labor Relations Bd., 301 U.S. 142, 147, 57 S.Ct. 648, 650, 81 L.Ed. 965 [970]. Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. * * *"

We conclude that the use of the words "if supported by evidence" means evidence which is substantial, that is, affords a substantial basis in fact from which the fact in issue can be reasonably inferred. The function of the commission is to weigh the evidence on matters properly before it and make findings thereon, and when there is substantial evidence to support the findings or when they are not clearly erroneous they must be accepted. The Commission, however, may not arbitrarily discredit and disregard unimpeached, competent and relevant testimony which is uncontradicted.

In the case at bar the Commission found that the evidence was not sufficient to support Sanders' claim that the total wages paid by him during the periods in question had been substantially over-reported. Such finding is contrary to the evidence and the district court was therefore not bound by it. The evidence concerning the over-reporting of total wages paid by Sanders and the resulting over-payment of employer's contributions by him is undisputed and uncontradicted. Both Sanders and his office manager and bookkeeper, testified under oath that due to the enormous expansion of the payroll and the lack of competent clerical help during the period in question there had been considerable over-lapping and duplication in the amount of wages reported in the original reports for the quarters in question. The evidence also revealed that the Federal Government had made an examination of Sanders' books and records and found a substantial over-reporting of the wages in question for the period in question. The evidence further revealed that an auditor of the Commission had audited plaintiff's payroll and found a substantially smaller amount of total wages than originally reported by plaintiff. The Commission, however, apparently was not satisfied with the results of its own audit because plaintiff did not keep a general ledger or "control" of such character that the auditor could, by checking it, verify the fact that the payrolls he had examined constituted all of the payrolls of plaintiff for the years in question. Plaintiff and his office manager testified under oath that such payrolls were all of the payrolls for the period in question and there was no evidence that such was not the case. The only conflict in the evidence related to the amount of the over-payment. With respect to the amount, however, Sanders indicated his willingness to accept as correct the amount of overpayment indicated by the Commission's own audit of his payrolls for the year in question, and the district court, in granting plaintiff judgment for the refund, based the amount thereof upon the figures submitted by the Commission's own auditor, and not the figures submitted by plaintiff. We fail to see how Commission may complain of its own audit, by it furnished to plaintiff, especially since we are not impressed with its argument of want of sufficient corroboration by audit controls as above noted. The trial court did not err in this regard.

Plaintiff Sanders cross-appeals from the judgment of the trial court denying an adjustment of the rate of contribution assigned to him by the Commission for the year 1942, contending that certain benefit wages for the year 1938 were improperly used by the Commission in determining the contribution rate of plaintiff for the year 1942, whereas only the benefit wages for the years 1939, 1940 and 1941 could have been properly used. Plaintiff bases this contention on the transcript of benefit wages furnished him by the Commission which reveals that a number of benefit wages for which claim was filed during the year 1938 were included in calculating his rate of contribution for the year 1942. The Oklahoma Employment Security Act, 40 O.S.1941 §§ 211–233, provides, however, that the employers' benefit wages for a given calendar year shall be the total of the benefit wages received from him by all of his employees or former employees who were paid their first benefit payment of a given benefit year in such calendar year. In other words, it is the year in which claim is filed or the benefit accrued, which determines whether the particular benefit wage is to be included in determining the employer's rate of contribution for a particular year. Plaintiff's evidence therefore falls short of that necessary to sustain his contention since he offered no evidence that any of the benefit wages which he contends were erroneously included were actually paid during the year 1938. On the other hand the Commission produced testimony indicating that only two benefits which were included in determining plaintiff's rate of contribution for the year 1942 were actually paid during 1938 and that these two benefit payments were not large enough in amount to effect a change in the rate of contribution. The decision of the Commission denying plaintiff's application for an adjustment of his

rate of contribution is therefore sustained by the evidence and its findings in this regard are binding on the district court and on this court.

The judgment of the trial court is sustained by the great weight of the evidence and the same is hereby affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD and BLACKBIRD, JJ., concur.

O'NEAL, J., concurs in part and dissents in part.

O'NEAL, Justice.

I concur as to affirmance of the district court judgment ordering refund of overpayment, and dissent as to denial of adjustment of rate of contribution from 3.5% to 2.7%.