Tana M. Gonsalves, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Mark David Frankel, Frankel & Gates,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, January 24, 1983:

Tana M. Gonsalves (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which denied her benefits because of her discharge for willful misconduct.[1] Specifically, the Board concluded that the claimant had been discharged by her employer for insubordination.[2]

An employer bears the burden of establishing an employee's willful misconduct. *Zuraw v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 548, 434 A.2d 1312 (1981). And where, as here, the party with this burden has prevailed below, our scope of review is limited to a determination of whether or not necessary findings of fact were unsupported by substantial evidence or an error of law was committed. *Id.*

Before us, the claimant argues that her conduct did not constitute willful misconduct and should be ignored for purposes of determining her eligibility for benefits because her employer harassed her. Our careful review of the record reveals substantial evidence

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] The Board found that on January 22, 1980, the claimant's supervisor approached her concerning a work assignment deadline of 2:15 p.m., that the claimant became angry, screamed "get off my back," resisted her supervisor's attempt to counsel her, warned him to get away from her desk, refused to work until he departed, accused him of harassing her, and later in the day slammed papers down on the supervisor's desk.

which would support the Board's findings that the claimant was insubordinate, which as we have recognized, clearly constitutes willful misconduct. *Nesmith v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 579, 402 A.2d 1132 (1979).

Concerning the claimant's contention that she had good cause for her actions because her employer had allegedly harassed her, we believe that the Board did not capriciously disregard[3] competent evidence in the record in finding that she was in fact not harassed by her employer. And it is for the Board, not this Court, to determine questions of credibility and to resolve conflicts in the evidence. *Stalc v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974).

We will, therefore, affirm the Board's order.

ORDER

AND Now, this 24th day of January, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

----

[3] *Gwin v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 69, 427 A.2d 295 (1981) (burden on claimant to demonstrate good cause for his or her actions).