Darlene M. STAGNER, Appellant,

v.

The BOARD OF REVIEW OF the OKLAHOMA EMPLOYMENT SECURITY COMMISSION; The Oklahoma Employment Security Commission; and Jim Highfill, D.D.S., Appellees.

No. 71240.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 20, 1990.

As Corrected Feb. 21, 1990.

Rehearing Denied April 3, 1990.

Certiorari Denied June 5, 1990.

Chiles E. Townsend, Holmes and Townsend, Ponca City, for appellant.

David T. Hopper, Oklahoma City, for appellee Oklahoma Employment Security Com'n.

John J. Gardner, II, Northcutt, Raley, Clark & Gardner, Ponca City, for appellee Jim Highfill, D.D.S.

MEMORANDUM OPINION

BAILEY, Judge:

Appellant seeks review of the Trial Court's order granting judgment to Appellees. Appellee Jim Highfill, D.D.S., (Employer), employed Appellant as a dental hygienist for about ten years, and appar-

ently paid Appellant on a "commission" basis, i.e., a percentage of proceeds generated from Appellant's work. On the advice of his accountant, and to better document his employees' hours, Employer installed a time clock. Employer required Appellant and other employees to clock in and out using the time clock. Appellant did not use the time clock after April, 1987. Employer terminated Appellant from the employment for failure to use the time clock in October, 1987.

Appellant applied for unemployment benefits, which were denied. In subsequent appeals to the Appeal Tribunal and Appellee Board of Review (Board), the denial of Appellant's claim was affirmed. Appellant sought further review before the District Court of Kay County, which affirmed the Board of Review's denial of Appellant's claim for unemployment benefits. In this appeal, Appellant again asserts that her failure to use Employer's time clock does not amount to "misconduct" so as to disqualify Appellant from receiving unemployment benefits.

Misconduct disqualifying a claimant from unemployment benefits has been defined as:

> conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand, mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, in advertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

*Vester v. Bd. of Review of Ok. Employment Security Commission*, 697 P.2d 533, 537 (Okl.1985); see also, *Tynes v. Uniroyal Tire Co.*, 679 P.2d 1310, 1312 (Okl.App. 1984).

■ In the appellate review of orders of the Employment Commission, "the findings of the Board of Review as to the facts, if supported by the evidence, shall be conclusive and the jurisdiction of [the district] court shall be confined to issues of law." 40 O.S.1981 § 2–610(1). As elsewhere noted:

> [T]he district court sits as an appeal tribunal and its jurisdiction is limited to consideration of the transcript and the argument of the respective attorneys thereon. ... [I]n an appeal, such as was perfected herein, the district court is limited to determinations whether an error of law was committed in the hearing and whether or not the findings are supported by the evidence introduced.

*Vester*, 697 P.2d at 536; *In re White*, 355 P.2d 404, 406 (Okl.1960). The question of whether there has been sufficient "misconduct" under the above-cited definition so as to disqualify a claimant from benefits presents a question of fact on which the Board of Review's determination is conclusive if supported by any of the evidence introduced. 40 O.S.1981 § 2–610(1); *Vester*, 697 P.2d at 538; *Tynes*, 679 P.2d at 1313.

■ Under this standard, we have reviewed the evidence. While Appellant professed her inability to remember to use the time clock, other of her testimony clearly reveals Appellant's willful refusal of Employer's mandate to clock in and out. Under the facts and circumstances of this case, we believe that an employee's refusal to follow an employer's reasonable work rules and requests, especially with regard to accurate recording of time spent on the job, constitutes a sufficient showing of "deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or [of] carelessness or negligence of such a degree or recurrence as to manifest equal culpability, ..., or [of] an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer," so as to constitute disquali-

fying misconduct under the definition thereof established in *Vester* and *Tynes*. We consequently find the order of the Board of review supported by sufficient evidence, and the order of the Trial Court affirming the denial of employment benefits to Appellant is unaffected by error.

No reversible error of law appears and the findings of fact are supported by sufficient evidence. The order of the Trial Court is therefore AFFIRMED. Rule 1.202(b), Rules of Appellate Procedure, 12 O.S.1983 Supp., Ch. 15, App. 2.

MacGUIGAN, J. concurs.

HANSEN, J. dissents.