**NORDAM, Appellant,**

v.

The **BOARD OF REVIEW OF THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION, The Oklahoma Employment Security Commission, and Willa Morrison, Appellees.**

No. 84208.

Supreme Court of Oklahoma.

Oct. 1, 1996.

Stephen L. Andrew, D. Kevin Ikenberry, McCormick, Andrew & Clark, Tulsa, for Appellant.

Theresa R. Watkins, Lawrence W. Zeringue, Hinkle, Zeringue & Smith, Tulsa, for Appellee, Willa Morrison.

Margaret Dawkins, General Counsel, Cara Nicklas, Oklahoma City, for Appellee, Employment Security Commission and Board of Review.

HARGRAVE, Justice.

Certiorari to the Court of Appeals, Division III, to review an unpublished opinion of the Court of Appeals. The issue presented is whether the acts of Morrison amount to misconduct.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

Willa Morrison was employed by Nordam as an insurance clerk from October 1990 to October 1993. On October 13, 1993, a supervisor at Nordam presented Morrison with a written memorandum concerning her work performance. The memorandum informed Morrison that: (1) her work day began at 8:00 a.m. and ended at 4:30 p.m., Monday through Friday, and, since June 1, 1993 she had been late to work or left early more than sixty (60) times, exclusive of absences due to an injury on the job; (2) lunch breaks were half an hour; (3) she should use the telephone for work purposes only; (4) she must call in when she finds it necessary to be absent from work; (5) she should stay in her office and not wander throughout the Nordam offices; (6) she should notify her supervisor when she has completed her work so that she could be assigned to help others; (7) she was to respond to other employees regarding questions they might have about their insurance problems; and, (8) she must do her job during working hours and not read magazines. Morrison told the supervisor she "didn't have to take this" and began to leave the supervisor's office. The supervisor then told her to gather her belongings

from her desk because she no longer worked for Nordam. Morrison did so and left.

Morrison filed an application for unemployment compensation benefits with the Oklahoma Employment Security Commission. The Commission initially denied the benefits, finding Morrison was fired for misconduct. She appealed and a hearing was conducted before the Appeal Tribunal of the Commission. After a hearing, the Appeal Tribunal reversed the Commission's decision and awarded benefits. The Board of Review of the Commission affirmed the Appeal Tribunal's decision.

Nordam petitioned the district court to review the decision of the Board of Review pursuant to 40 O.S.1991, § 2–610 which provides in pertinent part:

> (1) ... In any proceeding under this section, the findings of the Board of Review as to the facts, if supported by the evidence, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.

Nordam alleged Morrison had not been terminated, but had voluntarily quit her employment, and was therefore ineligible for unemployment compensation benefits. The Commission answered and alleged that its Board of Review was correct in determining Morrison to have been discharged from Nordam for other than misconduct connected with work, and therefore entitled to unemployment benefits. Morrison answered also, alleging the decision of the Commission and the Board of Review was correct. After a hearing and reviewing the transcripts the court entered judgment against Nordam, finding the decision of the Board of Review supported by the evidence.

The Court of Appeals affirmed the decision of the Board of Review. The Court of Appeals determined that the question of whether there had been sufficient misconduct to warrant disqualification from unemployment benefits is one for the Board of Review. The Court of Appeals further stated that, in an appeal from a decision of the Board of Review, the findings of the Board as to facts, if supported by evidence, are conclusive. The Court of Appeals concluded, under this standard, the evidence supported the Board of Review's decision.

The employer, Nordam, now petitions for certiorari, claiming that the Court of Appeals' opinion is contrary to this Court's decision in *Vester v. Board of Review*, 697 P.2d 533 (Okla.1985) and that this case involves a question of first impression. Nordam notes that the Court of Appeals, relying on *Stagner v. Board of Review*, 792 P.2d 94 (Okla.App. 1990), determined that the question of whether sufficient misconduct existed was a question of fact for the Board of Review. Nordam claims that the question of whether certain acts amount to misconduct is a question of law and not a question of fact and, thus, is entitled to less deferential review than that accorded by the Court of Appeals.[1] Additionally, Nordam contends that the standard followed by the Court of Appeals, namely whether sufficient misconduct existed, was incorrect as the statute does not provide for degrees of misconduct.

■ Title 40 O.S.1991, § 2–406 provides that an individual seeking unemployment compensation shall be disqualified if he has been discharged for misconduct connected with his or her last work. This Court, in *Vester v. Board of Review of Oklahoma Employment Security Commission*, 697 P.2d 533, 537 (Okla.1985), defines misconduct as:

> ... conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of this employee, or in carelessness or negligence of such

1. Nordam contends that as a matter of law, Morrison's actions constituted misconduct. Nordam employee Ms. Glenda Starkey, Morrison's supervisor testified that when Morrison was being counseled about her problems at Nordam, Morrison stood up and said "... she wasn't going to kiss anybodies [sic] ass, not even her supervisors [sic]." Morrison then left the meeting. Nordam contends that this language and alleged defiant act constitutes misconduct citing *Phillips v. Arizona Department of Economic Security*, 127 Ariz. 365, 621 P.2d 52 (App.1980); *Unemployment Insurance Commission v. Dye*, 731 S.W.2d 826 (Ky.App.1987); *Isabella v. Commonwealth Unemployment Compensation Board of Review*, 59 Pa.Cmwlth. 298, 429 A.2d 1220 (1981); and *Gonsalves v. Commonwealth*, 71 Pa.Cmwlth. 352, 454 A.2d 689 (1983). This testimony was disputed by Morrison and whether such statement was made is an issue for the fact finder, who found that her behavior did not amount to misconduct.

degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer.

 No misconduct was proved in the matter before this Court. The Appellant, through its attorney, attempted to compel Ms. Morrison to sign a notice of probation that declared she was a tardy employee who did not do any work in the office. When Ms. Morrison refused to sign this paper and left the room, she was immediately terminated. Nordam did not submit any time slips or testimony of any fellow employees stating that Ms. Morrison was habitually tardy or absent, nor were any of her co-workers there to testify that she did not do her job. Rather, Morrison's supervisor was the only witness for Nordam. The attorney who attempted to compel Morrison to sign the notice represented Nordam and did not testify. Hence, all testimony was subject to interpretation by the trier of fact, who in the present matter, was the Appeal Tribunal Hearing Officer.[2]

The findings of the Board of Review as to facts are conclusive, if supported by the evidence, and the jurisdiction of the district court is confined to questions of law. See 40 O.S. § 2–610. Nordam's argument that certain acts amount to misconduct, as a matter of law, is without merit in the present case. The testimony presented at the hearing was controverted. Thus, any question pertaining to whether or not an act of misconduct occurred is a question to be determined by the trier of fact. The underlying alleged acts were found not to be misconduct. Therefore, the fact finder's decision must stand as his finding is supported by the evidence presented at the hearing.

Finally, Nordam argues that the Court of Appeals in *Stagner v. Board of Review*, 792

P.2d 94 (Okla.App.1990), applied the wrong standard, namely whether there was *sufficient misconduct* is incorrect because the statute and *Vester* do not provide for degrees of misconduct and that a claimant is either guilty of misconduct or not. In *Stagner v. Board of Review*, 792 P.2d 94 (Okla.App. 1990), the Court of Appeals held that whether there is sufficient misconduct is a question of fact supported by the evidence. The standard of review set forth in *Stagner* is based upon 40 O.S.1991, § 2–610(1) which provides in pertinent part:

> In any proceeding under this section the findings of the board of review as to the facts, if supported by evidence, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.

 The applied standard of review in *Stagner*, as well as the present case, is neither contrary to this Court's holding in *Vester*, nor to 40 O.S.1991, § 2–610. The Court of Appeals was merely stating that the evidence contained in the record supports the conclusion of the Board of Review that the actions did not constitute misconduct. This is the correct standard of review. The question of definition of misconduct, decided by this court in *Vester*, is a question of law. Employer has not made any showing that the definition of misconduct was incorrectly applied in the present matter, but merely disagrees with the conclusion reached. Therefore, Nordam's argument is without merit.

### CERTIORARI PREVIOUSLY GRANTED OPINION OF THE COURT OF APPEALS VACATED ORDER OF THE DISTRICT COURT AFFIRMED.

All Justices concur.

---

**2.** Nordam alleges that "The practical effect of the erroneous rule applied by the Court of Appeals was unquestioning deference to the Appeal Tribunal's decision that there was no misconduct when its underlying findings of fact clearly show that Morrison engaged in misconduct." Just because Nordam alleged misconduct does not make it so. The Appeal Tribunal, upon hearing the facts and weighing the testimony of the witnesses, did not find Morrison had engaged in

misconduct. The Order of Decision specifically states:

> The claimant's testimony and the supervisor's testimony differ to some degree. The other witnesses that were in the room have refused to testify. It appears that the claimant may have gotten upset and was leaving the meeting but this would not be considered a quit nor [sic] a discharge for misconduct connected to the work.