1997 OK CIV APP 75

**Deborah DAVIS, Plaintiff/Appellee,**

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Defendant/Appellant,**

and

**Board of Review for the Oklahoma Employment Security Commission and Oklahoma Blue Cross and Blue Shield, Defendants.**

**No. 87515.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 23, 1997.

Certiorari Denied Nov. 13, 1997.

---

David T. Hopper, Oklahoma City, for Appellant Oklahoma Employment Security Commission.

B. Joyce Smith, Laura Emily Frossard, Legal Services of Eastern Oklahoma, Inc., Tulsa, for Plaintiff/Appellee.

JOPLIN, Judge:

¶1 The Oklahoma Employment Security Commission (OESC) seeks review of an order of the trial court reversing an order of the OESC denying unemployment benefits to Deborah E. Davis (Employee). OESC asserts that evidence appears in the record to support the OESC determination, and that the trial court consequently erred in reversing the order denying benefits, in essence, improperly substituting its judgment for that of OESC on the facts. We agree, and reverse the order of the trial court.

¶2 Employer terminated Employee in 1995 for violation of Employer's policy requiring all employees to report to Employer any violation of criminal drug statutes after Employer learned Employee had pled guilty to a drug-related offense in 1992. Employee applied for unemployment benefits. The local OESC office initially denied the claim, finding Employee had been discharged for cause.

¶3 Employee sought review before the Appeal Tribunal. The Hearing Officer heard testimony from Employer to the effect that upon Employee's hospitalization in 1995 for what appeared to be "a self-induced drug use reason," Employer searched local public records, and discovered that Employee had pleaded guilty to a drug-related criminal offense in January 1992 without reporting the conviction to Employer. Testimony of Employer also showed that Employer had adopted a drug-free workplace policy in accord with the federal Drug Free Workplace Act, published that policy in the 1990 revision of the Employee Handbook, and adopted a self-reporting provision in the 1992 Handbook revision distributed "a few days" after Employee's guilty plea in January 1992. Employer also testified that Employee "had worked directing [sic] with ... the vice-president of Human Resources back in 1991 for an admitted substance abuse problem and

was required to seek treatment for that problem at that time" under a voluntary, Employer-sponsored program.

¶ 4 Employee testified that she instructed her lawyer, at the time of her arrest for the 1992 offense, to call her supervisor (the vice-president of Human Resources) to report the incident, but that the lawyer did not apparently do so. Employee also testified that when she returned to work, she talked to her supervisor because she "realized [she] needed to go to rehab.," that she "didn't think about explaining why [she] didn't come back to work" the day of her arrest, and that she "didn't know she was supposed to let [Employer] know on a conviction" because she never read the revised Employee Handbooks given to her.

¶ 5 On consideration of the evidence, the Hearing Officer affirmed the OESC's initial denial of the claim, finding:

> The claimant was discharged. When an individual is discharged, the burden of proof rests upon the employer to show misconduct connected to the work. In the instant case, the employer has sustained that burden as there is evidence the claimant violated a known policy concerning the use of drugs.

Employee sought further review before the Board of Review, which adopted the findings of the Hearing Officer, and affirmed denial of the claim.

¶ 6 Employee then commenced an action for review by petition to the trial court. Upon consideration of the record, the trial court reversed the OESC's order denying the claim, finding "that the record in the present case contains no evidence of when [Employee] received advice on the work rule at issue," "that ... as a matter of law, the conclusions of the hearing officer are contrary to law and are not supported by the evidence," and remanded the matter to the OESC with instructions to award Employee benefits. OESC appeals.

■ ¶ 7 In its first proposition, OESC asserts that the question of disqualifying misconduct constitutes a question of fact, on which question, the OESC's determination is conclusive if supported by the evidence, and that there appears in the record evidence, which if believed, showed that Employee violated Employer's known drug-free workplace and self-reporting policies. 40 O.S.1991 § 2–610(1); *Vester v. Board of Review of Oklahoma Employment Sec. Com'n*, 1985 OK 21, 697 P.2d 533, 538; *Tynes v. Uniroyal Tire Co.*, 1984 OK CIV APP 20, 679 P.2d 1310, 1313. In its second proposition, OESC avers that the trial court, in derogation of the statutorily mandated deference, improperly substituted its judgment on the facts in reversing the OESC determination.

¶ 8 Employee responds, arguing that the factual determinations of the OESC are not entitled to conclusive effect unless supported by "evidence which is substantial, that is, affords a substantial basis in fact from which the fact in issue can be reasonably inferred." *Oklahoma Employment Sec. Com'n v. Sanders*, 272 P.2d 379, 381 (Okla.1954). So, says Employee, because her uncontroverted testimony showed that she never read the revisions of the Employee Handbook and consequently did not know of Employer's drug-free workplace or self-reporting policies, Employee could not be found to have "willfully or wantonly" violated the Employer's rules as to constitute disqualifying misconduct as that term is defined by Oklahoma law. *See, Vester*, 697 P.2d at 537.

¶ 9 Misconduct disqualifying a claimant from unemployment benefits has been defined as:

> conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand, mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion

are not to be deemed "misconduct" within the meaning of the statute.

*Vester,* 697 P.2d at 537; *Tynes,* 679 P.2d at 1312. In the appellate review of orders of the Employment Commission, "the findings of the Board of Review as to the facts, if supported by evidence, shall be conclusive and the jurisdiction of [the district] court shall be confined to issues of law." 40 O.S. § 2–610(1). As elsewhere noted:

> [T]he district court sits as an appeal tribunal and its jurisdiction is limited to the consideration of the transcript and the argument of the respective attorneys thereon. We have also held that in an appeal, such as was perfected herein, the district court is limited to determinations whether an error of law was committed in the hearing and whether or not the findings are supported by the evidence introduced.

*In re White,* 355 P.2d 404, 406 (Okla.1960); *Vester,* 697 P.2d at 537. Indeed, "if supported by evidence," Oklahoma law dictates that OESC factual determinations are conclusive and impervious to change by the reviewing courts. 40 O.S. § 2–610(1).

¶10 In 1954, the Supreme Court construed the scope of the phrase, "if supported by evidence":

> [T]he words "if supported by evidence" [as used in § 2–610] means evidence which is substantial, that is, affords a substantial basis in fact from which the fact in issue can be reasonably inferred.

*Sanders,* 272 P.2d at 381. Black's Law Dictionary, (6th Ed., 1990), defines "substantial evidence" as:

> Such evidence that a reasonable mind might accept as adequate to support a conclusion. It is that *quality* of evidence necessary for a court to affirm a decision of an administrative board.

(Emphasis added.) So guided, we thus construe the phrase, "evidence which is substantial, that is, affords a substantial basis ... from which the fact in issue can be reasonably inferred" as used by the Supreme Court in *Sanders,* to describe that "quality," not "quantity," of evidence "that a reasonable mind might accept as adequate to support a conclusion." This construction is in keeping with the plain words of the statute and post-*Sanders* decisional law. *See, e.g., In re White,* 355 P.2d at 406 ("whether or not the findings are supported by *the* evidence introduced") (emphasis added); *R & R Engineering Co. v. Oklahoma Employment Sec. Com'n, Bd. of Review,* 1987 OK 36, 737 P.2d 118, 119 ("findings, decisions, and orders of an administrative body are presumptively correct and valid absent *competent* evidence to the contrary") (emphasis added); *Stagner v. Board of Review of Oklahoma Employment Sec. Com'n.,* 1990 OK CIV APP 15, 792 P.2d 94, 95. ("The question of whether there has been sufficient 'misconduct' under the above-cited definition so as to disqualify a claimant from benefits presents a question of fact on which the Board of Review's determination is conclusive if supported by *any* of the evidence introduced") (emphasis added.)

¶11 Under these rules, we find evidence of such quality from which the OESC could reasonably conclude that Employer terminated Employee for misconduct, i.e., violation of Employer's known drug policy. Employee admitted that she had previously counseled with Employer's vice-president of Human Resources concerning her admitted substance abuse problems, and further admitted that she directed her attorney, at the time of her arrest in 1992, to inform her supervisor, the same vice-president, of the occurrence. From these facts, the Appellate Hearing Officer could have properly concluded that (1) Employee appreciated the Employer's drug-free workplace and self-reporting policies, but (2) violated those known work rules relating to drug use and abuse, and the Hearing Officer in essence so found. The Board of Review adopted the findings of the Hearing Officer, and the OESC affirmed the decision. In the presence of such evidence, the trial court in review was powerless to substitute its judgment for that of the OESC on that statutorily conclusive factual determination.

We therefore hold the trial court erred in substituting its judgment on the facts for that of OESC, and conclude the order of the trial court to that effect, reversing the order

of the OESC, should be and hereby is RE-VERSED, and the OESC order reinstated.

HANSEN, P.J., and BUETTNER, J., concur.