2006 OK CIV APP 150

**RELIABLE REFERRING SERVICE, INC., Plaintiff/Appellee,**

v.

**ASSESSMENT BOARD, OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Defendant/Appellant.**

**No. 102,186.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 22, 2006.

Certiorari Denied Dec. 4, 2006.

As Corrected March 19, 2007.

Frank Gregory, Gregory Law Office, Oklahoma City, OK, for Plaintiff/Appellee.

Margaret Dawkins, General Counsel, Oklahoma Employment Security Commission, Oklahoma City, OK, for Defendant/Appellant.

Opinion by KEITH RAPP, Vice Chief Judge.

¶ 1 The trial court plaintiff, Reliable Referring Service, Inc., appeals the trial court's judgment affirming the Oklahoma Employment Security Commission (Commission), Assessment Board's decision assessing unemployment taxes against Reliable Referring Service, Inc.[1]

## BACKGROUND

¶ 2 Reliable Referring Service, Inc. (Service) and Reliable Agency, Inc. (Agency) are companies in the business of referring workers to perform work normally in the nature of domestic duties. Typically, individuals needing domestic assistance contact Service and request help for such matters as babysitting, housework, running errands, or providing non-medical care for the elderly.

¶ 3 The Commission, in January 2001, determined that Agency had employees that it had misclassified as independent contractors and assessed Agency past due unemployment taxes, penalties, and interest. Agency appealed the determination to the Assessment Board, which affirmed the Commission's decision in January 2002.[2]

¶ 4 Agency's shareholders dissolved the corporation effective June 30, 2002. Service was formed on July 1, 2002. Service contained some of the same shareholders as Agency, i.e., there existed common shareholders. Service acquired the physical premises, employee lists, and customer lists of Agency.[3] Service continued all contracts with Agency's customers and continued to collect commissions on those services until Service signed new contracts.

¶ 5 In November 2003, the Commission issued a subsequent assessment, after an audit, and determined that Agency and Service had misclassified individuals as independent contractors and that Service was a successor employing unit to Agency. Service appealed the determination to the Assessment Board, which affirmed the Commission's assessment. It then appealed to the District Court, which determined, based on the administrative record, that the Assessment Board's decision was supported by substantial evidence and affirmed its decision. Service appeals.

## STANDARD OF REVIEW

¶ 6 The Employment Security Act of 1980 (Employment Security Act) established the standard of judicial review in appeals of Assessment Board decisions as follows:

> In any judicial review under this part the findings of the Commission, or its duly-authorized representative, as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.

40 O.S.2001 § 3–404. The words "if supported by evidence" mean substantial evidence. *Oklahoma Employment Sec. Comm'n v. Sanders,* 1954 OK 155, ¶¶ 8–9, 272 P.2d 379, 381. Substantial evidence is "evidence … [that] affords a substantial basis in fact from which the fact in issue can be reasonably inferred" or "a reasonable mind

---

1. Reliable Referring Service, Inc. is sometimes called "Reliable Referring Services, Inc." in the record.

2. Agency did not, of record, appeal the Commission's decision.

3. Service asserts it is a new entity and did not acquire Agency or any of its assets. Yet Service, at page 2 of its reply brief, states: "While investigation of the Commission was able to find a few instances wherein outdated 'Agency' documents have been used by Reliable Referring…."

might accept as adequate to support a conclusion." *Id.*

¶ 7 "The jurisdiction of ... [the Commission] is dependent upon the existence of the relationship of employer and employee and therefore a determination of the question is one of law. The decisions of [the Commission] ... are conclusive on questions of fact but not on questions of law." *Perma–Stone Oklahoma City Co. v. Oklahoma Employment Sec. Comm'n,* 1954 OK 322, ¶ 5, 278 P.2d 543, 545. The issue of whether an employment relationship exists is jurisdictional and presents a question of law. *Id.,* 1954 OK 322 at ¶ 6, 278 P.2d at 545.

### ANALYSIS AND REVIEW

¶ 8 The issue renewed on appeal is whether individuals referred by Service are "employees" or "independent contractors" for purposes of unemployment taxes and if Reliable Referring is the successor employer to Agency.

¶ 9 Service, in its Petition in Error, contested the Commission's determination that it was an "acquiring employer" of Agency pursuant to 40 O.S. Supp.2005 § 3–111A. An issue raised in the petition in error, but not addressed in the brief[s], is deemed waived.[4] Okla. Sup.Ct. R. 1.11(k)(1), 12 O.S. 2001, ch 15, app. The Commission's determination that Service is the successor employer to Agency is therefore affirmed.[5]

¶ 10 The only issue remaining on appeal is whether the individuals referred by Service to work positions were "employees" or "independent contractors" for purposes of unemployment taxes. The trial court determined that these individuals do not meet the statutory requirements of 40 O.S. Supp.2005, § 1–210(14),[6] to enjoy an independent contractor status and were, therefore, employees of Service.

¶ 11 The governing statute, 40 O.S. Supp. 2005, § 1–210(14), provides:

Notwithstanding any other provision of this subsection, services performed by an individual for wages or under any contract of hire shall be deemed to be employment subject to the Employment Security Act of 1980 unless and until it is shown to the satisfaction of the Commission that:

(a) such individual has been and will continue to be free from control or direction over the performance of such services, both under the contract of hire and in fact; and

(b) such individual is customarily engaged in an independently established trade, occupation, profession, or business; or

(c) such service is outside the usual course of the business for which such service is performed and that such service is performed outside of all the places of business of the enterprise for which such service is performed.

¶ 12 The statute deems a person to be an employee unless specific exemptions are met. This statute has been described as one imposing a presumptive employer-employee relationship upon the parties. *See Health Care Assocs., Inc. v. Employment Sec. Comm'n,* 2001 OK 50, ¶ 2, 26 P.3d 112, 115 (Boudreau, J., dissenting). The burden is on the party contesting the employer-employee relationship to establish independent contractor status by showing that "subpart 'a' and 'b' or 'a' and 'c' are met" to the satisfaction of the Commission. *Health Care Assocs., Inc.,* 2001 OK 50 at ¶ 4, 26 P.3d at 114 (majority opinion). Service does not assert that subpart "c" is satisfied. Therefore, it must establish the existence of both subparts "a" and "b" in this matter to establish independent contractor status.

### A. Free from Control or Direction

¶ 13 Under subsection (a), Service must first establish that the workers were

---

4. Okla. Sup.Ct. R. 1.11(k)(1) states: "Appeals. Issues raised in the Petition in Error but omitted from the brief may be deemed waived. Argument without supporting authority will not be considered."

5. This Court notes that Service's argument is adverse to its position adopted here for the rea-

son Service has, in effect, continued Agency's practices including Agency's classification of employees as subcontractors, which the Commission has already determined was not valid.

6. Section 1–210 has been amended annually since 2001, but paragraph 14 has not substantively changed since 2001.

free from its control or direction in the performance of the work referrals.

¶14 An independent contractor is "one who engages to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of service, except as to the result or product of the work." *Perma–Stone Oklahoma City Co.*, 1954 OK 322 at ¶0, 278 P.2d at 545 (syl.3). The ability to discharge an employee is indicative of the ability to control. *See Brenner v. Oklahoma Employment Sec. Comm'n*, 1948 OK 273, ¶13, 201 P.2d 236, 240. Moreover, *Brenner* determined that "to cease immediately to refer a worker for employment is in all essential aspects the right to discharge" and the failure to refer is in reality a discharge. *Id.* The *Brenner* court also stated, "it is the power of control, not the fact of control, that is the principal factor in distinguishing a servant from a contractor." *Id.*

¶15 Moreover, the following clearly shows Service retained and exercised control over its employees in the performance of assigned work.

1. The information collected on each worker by Reliable Referring is similar to an employment application, including a background check and personal employment history. There is no evidence that information was collected from former clients receiving similar services;

2. Reliable Referring had first contact with potential customers and retained total control over the scope of services offered;

3. Reliable Referring had total control over which workers were sent for interviews with potential customers. This determined the frequency workers received interviews and the amount of employment received;

4. Complaints about workers were directed to Reliable Referring for resolution. Reliable Referring determined whether and when to replace workers;

5. Reliable Referring could decide independently to stop referring a worker. This is equivalent to the power to discharge;

6. Reliable Referring bonded all workers referred for employment;

7. Reliable Referring established the fees charged for services. Total consistency in fees for 28 workers across multiple customers indicates a set fee structure; and

8. Reliable Referring determined the amount of the commission. It was not negotiated by the individual or customer.

*See* 40 O.S. Supp.2005, § 1–210(14).

¶16 Record review shows that the evidence not only fails to sustain Service's contention that it is not an independent contractor, but supports the Commission's findings and the trial court's judgment.

## B. Independent Business

¶17 Service must also establish and meet the second part of the test under Section 1–210(14), that the individuals are customarily engaged in an independent enterprise, business, or profession. Elemental to an independent enterprise, business, or profession is a proprietary interest. *Brenner*, 1948 OK 273 at ¶19, 201 P.2d at 242. Other aspects of an independent enterprise include the ability to "operate without hindrance from any individual or force whatsoever," to operate without control by another entity, to earn a profit or sustain a loss, to sell the enterprise, and the "right of continuity." *Id.* If an "enterprise" is dependent on Service for work and direction, it could not be an independent contractor. Independently established professionals are recognized as independent contractors if they operate free from direction or control from another entity. *See Health Care Assocs., Inc.*, 2001 OK 50 at ¶8, 26 P.3d at 114.

¶18 This Court finds that there is substantial evidence supporting the Commission's findings and the trial court's judgment that the workers did not have independently established businesses, as evidenced by:

1. The workers were not engaged in an independently established profession;

2. Forms and documents used by Reliable Referring resemble employment forms and were issued to individuals, never companies or businesses;

3. Reliable Referring provided the bond for each worker;

4. No evidence that any worker paid their own self-employment tax;

5. Reliable Referring (Mr. Kiser) assisted workers in making up a company name at the time of application;

6. None of the business names were listed in the telephone book;

7. No evidence of these businesses advertising was provided;

8. No proprietary interest in a business that would continue apart from their relationship with Reliable Referring; and

9. No evidence of any worker having a separate contact with any customer, except via Reliable Referring or as an employee of similar companies.

The evidence shows that these individual businesses were established for Service's benefit and the employees did not have an interest in any independent business. Thus, Service did not meet the second element of Section 1–210(14).

## CONCLUSION

¶ 19 Service retained control of its employees, including the ability to terminate their employment at will. Thus, this Court finds that Service failed to meet the requirements of Section 1–210(14). The Commission's findings and the trial court's judgment are affirmed.

¶ 20 AFFIRMED.

GABBARD, P.J., and REIF, J., concur.