**R & R ENGINEERING COMPANY, Appellant,**

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, BOARD OF REVIEW, and Gilbert V. Farris, Appellee.**

No. 64743.

Supreme Court of Oklahoma.

May 12, 1987.

Sanders & Carpenter, Tulsa, for appellant.

Jim R. Sales, Gen. Counsel, Employment Sec. Com'n, Oklahoma City, for appellee.

SIMMS, Justice:

Appeal from the District Court of Rogers County, affirming an order by the Oklahoma Employment Security Commission Board of Review (Board), allowing payment of unemployment benefits to Gilbert V. Farris. R & R Engineering (R & R), Farris' former employer, contested the payment of benefits since Farris had voluntarily resigned after being informed that he would receive a 16⅔% reduction in pay, due to poor economic condition. All of the employees of R & R had received cuts in pay; Farris is the only employee who resigned as a result of the salary reductions. Other employees had larger reductions in their pay than had Farris.

Farris' application for unemployment compensation was approved, R & R requested an appeal hearing on the award, alleging that Farris had not resigned "for good cause" as is required by 40 O.S.1981, §§ 2–404 and 2–405. The hearing was held and testimony taken. The appeal tribunal affirmed the award of unemployment compensation, finding that Farris had resigned for good cause. R & R then appealed to district court. The district court affirmed the Commission's findings, and R & R now appeals to this Court.

## I.

Title 40, O.S.1981, § 2–404 states that an individual will be disqualified for benefits if he left his last work voluntarily without good cause. Section 2–405 of this title provides a general, but not all inclusive, definition of "good cause":

"Good cause for voluntarily leaving work under Section 2–404 may include, *among other factors,* a job working condition that had changed to such a degree it was so harmful, detrimental, or adverse to the individual's health, safety, or morals, that leaving such work was justified ..." (E.A.)

The record shows that there were none of the conditions specifically enumerated in the statute that caused Farris to resign. The record does reveal that there were "other factors". Among the other factors available for the Commission's consideration are that (1) Farris had to commute from his residence in Claremore to Broken Arrow daily; (2) Farris is a quadraplegic, and has additional expenses as a result of his handicap; (3) Farris, because of his handicap, would be entitled to social security benefits that would equal or exceed his reduced salary, providing he was not employed; (4) Farris indicated a desire to enroll in night classes to enhance his qualifications for later employment; (5) Farris had stated in his application for benefits that he would be willing to accept employment in Claremore for minimum wage; and (6) Farris' wife has been forced to seek part time work to help in providing enough income to support the family.

Appellant infers that the only reason Farris had resigned was that he could receive state and federal compensation without having to work. The Commission examined all of the evidence and testimony and reached a contrary result: that Farris had resigned for good cause within the meaning of the statute.

Appellant and Appellee both point out that this is an issue of first impression in Oklahoma. No cases have been reported addressing this issue in Oklahoma. Both parties cite cases from other jurisdictions in favor of their respective positions on this issue. The only clear conclusion that can be reached from these authorities is that in order for a reduction in pay to constitute good cause for leaving employment, the reduction must be "substantial". See: 75 ALR 3d 449,470. There is disagreement as to what constitutes substantial reduction in pay.

## II.

The standard for review of administrative decisions has been well settled in this jurisdiction. The general rule was most recently stated in *Banking Board of the State of Oklahoma v. Wilkerson,* Okl., 642 P.2d 1141 (1982), that findings, decisions, and orders of an administrative body are presumptively correct and valid absent competent evidence to the contrary.

Earlier, this Court had stated that a court of review may not substitute its judgment for that of an agency, especially when the agency is acting in its own area of expertise, *Tulsa Area Hospital Council, Inc. v. Oral Roberts University,* Okl., 626 P.2d 316 (1981). Federal courts sitting in Oklahoma have arrived at similar conclusions when reviewing administrative findings and orders. See: *Cagle v. Califano,* 638 F.2d 219 (C.A.Okl.1981); and *Glass v. U.S.,* 506 F.2d 379 (C.A.Okl.1974).

## III.

The Oklahoma Employment Security Commission has determined that a tentative cut in pay in excess of 15% is substantial and good cause for voluntarily leaving employment. Here, the reduction in pay was 16⅔%. We therefore cannot say the Commission's findings and subsequent order in this case was either arbitrary, capricious, or an abuse of discretion. Appellant merely would have the courts take a more restrictive reading of the applicable statute.

The Oklahoma Employment Security Commission Board of Review was competent to examine the record, interpret the statute, and arrive at its decision. Appellant presented no evidence at the trial court level of review to overcome the presumption of correctness in the agency's decision.

The order of the district court and Board of Review are AFFIRMED.

DOOLIN, C.J., and LAVENDER, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and HODGES, J., dissent.