**UNIROYAL GOODRICH TIRE COMPANY, Appellant,**

v.

**The OKLAHOMA EMPLOYMENT SECURITY COMMISSION, the Board of Review for the Oklahoma Employment Security Commission, and Jason H. McCarthick, Appellees.**

**No. 82144.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 30, 1994.

Gary W. Farabough, Bickford, Pasley & Farabough, Ardmore, for appellant.

Margaret Dawkins, Oklahoma City, for appellee, Oklahoma Employment Sec. Com'n.

Richard A. Cochran, Jr., Ardmore, for appellee, Jason H. McCarthick.

### OPINION

GARRETT, Vice Chief Judge:

Appellant, Uniroyal Goodrich Tire Company (Uniroyal), conducted random drug testing of its employees. Appellee, Jason H. McCarthick, tested positive for marijuana use, and was terminated. McCarthick applied for unemployment benefits from Appellee, Oklahoma Employment Security Commission, (OESC). Benefits were awarded and Uniroyal appealed. The Appeal Tribunal affirmed OESC. The Board of Review affirmed the Appeal Tribunal. Upon appeal to the district court, the award of benefits was upheld.

The Appeal Tribunal ordered:

No evidence was presented to show the employer used proper testing and confir-

mation procedures were followed. Furthermore, the employer did not present clear objective evidence that the claimant was drug impaired while at work. The on the job injuries do not constitute clear objective evidence of impairment. Therefore, the employer did not satisfy its burden of proving the claimant acted with willful disregard for the employer's interests. The claimant's actions do not constitute misconduct connected to the work.

The parties agree that *Farm Fresh Dairy, Inc. v. Blackburn,* 841 P.2d 1150 (Okl.1992), is applicable to the instant appeal. The disagreement between the parties is as to its construction and application to the present case. Prior to *Farm Fresh,* two Divisions of the Court of Appeals had held generally, with regard to drug testing and disqualification from unemployment benefits, testing positive for drugs was not, in and of itself, sufficient to disqualify a claimant from receiving benefits. In *Grace Drilling Co. v. Novotny,* 811 P.2d 907 (Okl.App.1991) (Cert. denied 1991), (criticized in *Farm Fresh* ) the court said:

> [I]t should [also] be shown that: (1) proper testing and confirmation procedures have been followed and (2) there is clear objective evidence of impairment, such as bizarre behavior or loss of productivity.

See also *Independent School District No. 1 v. Logan,* 789 P.2d 636 (Okl.App.1989) (Cert. denied 1990).

■ Although the "clear objective evidence of impairment" requirement was eliminated by *Farm Fresh,* the requirement for proving that proper testing and confirmation procedures were followed, has not been eliminated. In *Farm Fresh* the Supreme Court held:

> [W]e hold that *where an employer shows that it fired a former employee for failing a drug test, which test was part of a program to promote safety in the employer's work place, the former employee is disqualified from receiving unemployment benefits.* Such a result is particularly appropriate where, as here, passing such a test was an agreed condition of employ-

ment. *Under such circumstances, the Commission may not require the employer to make any further showing, such as impairment or strange conduct on the job.* (Emphasis added).

In the instant case, Uniroyal failed to present evidence of proper testing and confirmation procedures. When Uniroyal appealed to the Board of Review, it attached documents intended as proof of proper testing procedures and documentation showing Appellee failed the test. Uniroyal contends such documentation was sufficient. McCarthick contends the Board of Review could not consider such evidence because it was not before the Appeal Tribunal before its decision was rendered.

Section 2–606, title 40, of the Oklahoma Statutes (1991), provides as follows:

> The Board of Review shall review the record on such further appeal filed by any of the parties entitled to notice on a determination. The Board of Review may conduct a formal hearing upon a request of a party or on its own motion. On such further appeal the Board of Review may affirm, modify or reverse any decision of an appeal tribunal referee on the basis of evidence previously submitted, or on the basis of additional evidence as it may adduce, or, at its direction, received by an appeal tribunal referee. . . .

■ Section 2–606 restricts the evidence before the Board of Review to the evidence considered by the appeal tribunal, unless (1) additional evidence is adduced by the Board, or (2) evidence, *at its direction,* is received by the appeal tribunal referee. In other words, before "additional evidence", in addition to that considered by the appeal tribunal, may be considered by the Board of Review, it must "adduce" the evidence or direct that it be presented.

■ Evidence regarding the testing procedures and whether they were proper was first presented by Uniroyal at the time it appealed to the Board of Review. The new evidence was neither adduced by the Board nor ordered presented by the Board.

The Board of Review ordered:

The Board of Review considered the findings and decision of the Appeal Tribunal Hearing Officer, Cara Barnes, affirming the Commission's determination by finding the claimant was discharged from his last employment but not for misconduct connected with the work and allowing him benefits in accordance with Section 2–406, Title 40, Okla.Stat., as amended. AFFIRMED.

The Board of Review being regularly in session, this matter comes on for hearing in its regular order on the assignment docket. This matter is submitted on the cassette recording of the hearing held before the Appeal Tribunal, the Appeal Tribunal decision and the records in the offices of the Oklahoma Employment Security Commission and the Board of Review pertaining to this appeal.

After considering all the evidence, being fully advised in the premises and for good cause shown, *the Board of Review concludes that the findings of fact and the conclusion(s) previously adopted by the Appeal Tribunal are applicable* and that same should be adopted by the Board of Review. (Emphasis added).

■ Uniroyal contends the Board of Review's order indicates it did consider the later filed documents because of the reference to "the records in the offices of the ... Board of Review". However, our reading of the entire order, in which the Board of Review adopted all findings and conclusions of the Appeal Tribunal, indicates otherwise. The Appeal Tribunal's hearing officer made a finding that there was no evidence to prove proper testing and confirmation procedures were used. The Board could not have adopted the Appeal Tribunal's findings without considering the same evidence the hearing officer considered. The Board could have taken further steps to consider additional evidence, but it did not do so. The factual findings of the Board of Review, if supported by the evidence, are conclusive on appeal. Only questions of law are reviewable. 40 O.S.1991 § 2–610. On Rehearing, the district court considered Uniroyal's contention that Appellee admitted he failed the drug test through the various pleadings filed in the OESC. OESC responded that it was not an admission, only a description by Appellee of the grounds for his dismissal. The district court's "Findings and Order on Rehearing" contain the following:

As noted in the prior order of this court, the legal situation in Oklahoma is now clear, employer's (sic) may test for drug useage (sic) by employees and a failure of such a test is grounds for discharge and is "employee misconduct" sufficient to bar any recovery of unemployment benefits by the employee so discharged. As further noted in the prior order however, it is incumbent upon the employer to "prove up" their case, to show the tests, the results and appropriate evidence handling and test procedures. This was not done.

The district court's findings were supported by the evidence which was properly presented to the Board of Review. We find no error of law.

AFFIRMED.

HUNTER and ADAMS, JJ., concur.