914 P.2d 1083 (1996)
OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Appellant,
v.
BOARD OF REVIEW FOR the OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Mildred L. Griffin, and United States Department of Transportation ex rel. Federal Aviation Administration, Appellees.
No. 85407.
Court of Appeals of Oklahoma, Division No. 4.
March 19, 1996.
Cara S. Nicklas, Oklahoma Employment Security Commission, Oklahoma City, for Appellant.
Patrick M. Ryan, United States Attorney, Eleanor Darden Thompson, Assistant United States Attorney, Oklahoma City, for Appellees.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 4.
*1084 REIF, Judge.
This case concerns a federal employee's eligibility for unemployment compensation after retiring under a voluntary incentive program to downsize the federal workforce. The district court affirmed the Board of Review's determination that Employee was not eligible. The Board of Review found that Employee "resigned her employment in order to accept a severance bonus the employer offered for employees who chose to leave voluntarily." The Board distinguished this case from other cases where unemployment compensation had been awarded to employees who volunteered to leave under actual reduction in force incentive plans. The Board noted that in the "eligible" cases, the employees who accepted separation benefits believed that they were in jeopardy of losing their jobs, whereas "Claimant [in the instant case] had no reason to believe she would be terminated if and/or when the employer was forced to have a reduction in force." The Board concluded that her seventeen years of seniority would have likely protected her from losing her job in the event the federal government did implement a mandatory reduction in force plan.
There are no reported cases in Oklahoma on point. The Commission relies on cases from other states where employees were found eligible for unemployment compensation even though they voluntarily accepted separation benefits under a reduction in force plan. However, each case cited involved a "lack of work" mandatory reduction in force rather than a truly voluntary separation incentive, where continuing work was available. The instant case is more analogous to Department of the Navy v. Unemployment Compensation Board of Review, 168 Pa. Commw. 356, 650 A.2d 1138 (1994). In the Dept. of the Navy case, the federal voluntary separation incentive program was strikingly similar to the program in the instant case. Also, in that case, continued employment was an equally viable option to accepting the separation incentive and retiring, just as it was for Employee herein. We agree with the characterization of the separation incentive in question as an "opportunity"; that is, it was a bona fide choice that could prove as beneficial as continuing in employment. It was in no sense a parachute, or a narrow escape, from loss of employment.
In any proceeding under 40 O.S. 1991 § 2-610 for judicial review of a decision of the Board of Review, "the findings of the Board of Review as to the facts, if supported by the evidence, shall be conclusive and the jurisdiction of [the reviewing] court shall be confined to questions of law." See also Uniroyal Goodrich Tire Co. v. Okla. Employment Security Comm'n, 887 P.2d 1380, 1383 (Okla.Ct.App.1994). In cases where the district court upholds the decision of the Board of Review, an appellate court will likewise affirm, where the district court's ruling is supported by the evidence properly presented to the Board of Review and there is no error of law. Id. at 1383. The findings and conclusions by the Board of Review in the instant case are supported by the evidence, and there was no error of law in the Board's determination that Employee was disqualified for unemployment compensation under 40 O.S.1991 § 2-404 for leaving her employment voluntarily, without good cause connected with her work, having accepted employer's separation bonus, rather than the opportunity of continued employment.
AFFIRMED.
TAYLOR, P.J., and RAPP, C.J., concur.