Sandra PRUITT, Appellee,

v.

STATE of Oklahoma ex rel. OKLAHOMA EMPLOYMENT SECURITY COMMISSION, BOARD OF REVIEW, Appellee,

and

Bigby Companies, Appellant.

No. 85204.

Court of Appeals of Oklahoma, Division No. 4.

April 2, 1996.

Sharon Womack Doty, Tulsa, P. Gae Widdows, Howard & Widdows, P.C., Tulsa, for Appellee Pruitt.

Cara S. Nicklas, Oklahoma Employment Security Commission, Oklahoma City, for Appellee Commission.

Terry D. Bigby, Tahlequah, for Appellant.

REIF, Judge.

This appeal concerns an award of unemployment compensation that the Board of Review entered after reconsidering its initial denial of the claim. The Board of Review reconsidered the denial pursuant to a remand order from the district court to which Claimant, Sandra Pruitt, had appealed. The district court directed the Board to conduct further proceedings to determine whether one of the witnesses for Employer, Bigby Companies, had told the truth concerning the reasons given by Claimant for quitting. In the course of the remand proceedings, the Board considered, inter alia, further testimony from the witness and a written statement that Claimant testified the witness had signed in her presence. This statement was in affidavit form, but did not have a jurat executed by a notary or other officer authorized to administer oaths. Both the witness' testimony and "affidavit" disclosed that the witness had been told by Claimant that she intended to quit if not paid commissions. The witness explained that she omitted this from her earlier testimony, because Employer told her "not to expand" on her answers. The district court affirmed the Board of Review's award, after first granting, and then vacating, Claimant's post-award dismissal of the district court proceeding.

Bigby Companies appeals the district court's affirmance, on grounds that (1) the "affidavit" was insufficient to support either remand or reversal of the denial, (2) the district court lacked jurisdiction after Claimant's dismissal to do anything but affirm the initial denial, and (3) Claimant failed to prove she was entitled to any commissions when she quit, and such omission was fatal to her failure-to-pay-commissions "good cause" for quitting. For the reasons that follow, we reject Bigby's propositions and affirm.

■ The statute governing judicial review of decisions by the Board of Review prohibits the court from receiving "additional evidence" as part of its review, but allows for remand of the case to the Board of Review for the taking of additional evidence. 40 O.S.1991 § 2–610(1). When presented with the "affidavit" in question, the district court properly remanded the case to the Board of Review to consider such "additional evidence." In determining the evidentiary weight or value to be accorded the "affidavit," the Board of Review was not "bound by common law or statutory rules of evidence or by technical rules of procedure." 40 O.S. 1991 § 2–607. Given the testimony of Claimant that she saw the witness sign the "affidavit," it was admissible at the very least to impeach any testimony of the witness that was inconsistent with its contents, in view of the opportunity the witness had to explain her knowledge of it, and to deny its content and execution. See 12 O.S.1991 § 2613. In any event, the critical point of agreement between the "affidavit" and the witness' testimony on remand was the witness' knowledge of Claimant's failure-to-pay-commissions reason for quitting.

■ The importance of this witness' testimony on remand is twofold. First, it is corroboration that Claimant's motivation and

cause for leaving Bigby's employment was the failure of Bigby to pay promised commissions. Next, it provides an inference that Bigby discouraged full disclosure of the witness' knowledge about Claimant's reasons for leaving Bigby's employment. Thus, even if the "affidavit" was not legally sufficient to constitute an affidavit, it was a sufficient vehicle to justify remand for further proceedings before the Board of Review and was sufficient under the circumstances for use as impeaching evidence on remand. Also, independent of the affidavit, there was testimony that the witness did not tell the *whole* truth at the initial hearing. This alone would warrant reconsideration of this testimony and other evidence, as well as the initial decision.

The second issue raised by Bigby concerns Pruitt's purported dismissal of the district court appeal *following* the Board's decision on remand to reverse its denial and award compensation, *but before* this decision and transcript of proceedings on remand were filed with the district court in accordance with section 2–610(1). Bigby points out that Claimant grounded the dismissal on 12 O.S. 1991 § 684, and relies on authority that such a dismissal deprives the court of jurisdiction to proceed further.

■ The problem with Bigby's argument is that section 684 is a statute of general civil procedure that is applicable by its express terms to "civil actions." It is well settled that judicial review of a decision of the Board of Review is a "special proceeding," not a civil action. *Edmondson v. Siegfried Ins. Agency, Inc.*, 577 P.2d 72 (Okla. 1978). General provisions of civil procedure do not apply to the special proceeding for district court review of decisions by the Board of Review. *See District Ct. for Seventeenth Jud. Dist. v. Board of Review*, 849 P.2d 1102, 1103 (Okla.Ct.App.1993). Accordingly, Claimant's mistaken, unilateral attempt to terminate the district court review pursuant to section 684 did not deprive the court of the continuing jurisdiction contemplated by section 2–610(1) and (3) for further review of the decision and proceedings on remand *upon their filing with the court.* Subsection (3) clearly provides that the re-

view process is not completed until the court's issuance of a mandate.

■ Bigby's final contention is that Claimant's failure-to-pay-commissions reason for quitting would constitute "good cause" *only if* she proved that she was due a commission that Bigby had not paid at the time she quit. While failure to timely pay compensation due an employee is indeed "good cause" for an employee to quit and remain eligible for unemployment compensation, so are other material breaches of a compensation agreement, such as the failure of the employer to timely account to the employee concerning the status of variable earnings like commissions based on net operating income. Under the written terms and conditions of employment between Bigby and Claimant, commissions were based on the monthly net operating income/earnings of the store, calculated for two-month periods, and were to be settled, paid or repaid monthly. It was undisputed that Bigby had neither settled nor paid commissions for the July–August 1992 two-month period of Claimant's employment at the time she quit on October 14, 1992. Whether the reasons offered by Bigby for the delay in this regard were a credible excuse or justification for the breach was a factual issue to be resolved by the Board of Review. The Board obviously resolved this controversy in favor of Claimant. We hold that this conclusion is supported by the evidence and that Bigby's breach of the compensation agreement in this regard was "good cause" for Claimant to quit her employment and remain eligible for unemployment compensation under 40 O.S.1991 § 2–404.

The order of the district court affirming the award of unemployment compensation by the Board of Review is SUSTAINED.

TAYLOR, P.J., and STUBBLEFIELD, J. (sitting by designation), concur.