1999 OK CIV APP 131

**Alan REDDELL, Plaintiff/Appellant,**

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Defendant/Appellee.**

**No. 91719.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 13, 1999.

Rehearing Denied Sept. 3, 1999.

Certiorari Denied Nov. 23, 1999.

Thomas Whalen, Owasso, Oklahoma, for Appellant.

Cara S. Nicklas, Oklahoma City, Oklahoma, for Appellee.

***OPINION***

GARRETT, Judge:

¶1 Appellant, Alan Reddell, was terminated from his employment with the Oklahoma Ordinance Works Authority. He filed for unemployment benefits. OESC denied the claim. Appellant appealed to the Board of Review which denied benefits, finding he was discharged for misconduct and was, therefore, disqualified. Appellant appealed to the district court. The district court affirmed, and Appellant appealed to the Supreme Court. See appeal number 89,004. The appeal was assigned to the Court of Civil Appeals, Division II, which held the Board's denial of benefits was not supported by the evidence and the district court's order affirming it was error. On February 10, 1998, that division of this Court reversed and remanded with instructions "to award unemployment benefits to Claimant." In the opinion, we are told the issue on appeal was "whether the evidence supports the Board of Reviews's

(sic) finding that Claimant was discharged from his employment for misconduct, thereby disqualifying him for unemployment benefits." Only a portion of the Appellate Court's opinion was included as part of the Appendix of Exhibits submitted in support of Appellant's Petition for Writ of Mandamus in the district court.[1] There is no transcript of proceedings.

¶ 2 After the remand of appeal number 89,004, the Board of Review of OESC issued a new order on March 16, 1998. The Board's new order provides, in part:

The Board of Review, having examined a copy of said Opinion, finds that the Oklahoma Court of Civil Appeals, reversed the Board of Review's decision issued on November 1, 1996, which found the claimant was discharged from his last employment for misconduct connected to the work and denied benefits, in accordance with Section 2-406, Title 40, Oklahoma Statutes, as amended.

It is therefore ordered by the Board of Review that pursuant to this Opinion of the Oklahoma Court of Civil Appeals, issued February 10, 1998, the Board of Review Opinion is REVERSED and the claimant is allowed benefits *effective July 23, 1996, if claimant meets all other requirements of the Act. [Emphasis supplied.]*

OESC paid benefits to Appellant for five weeks in the amount of $251.00 per week. Subsequently, OESC took the position that Appellant was not entitled to further benefits because he had not fulfilled the eligibility requirements of filing proof he had searched for another job. Appellant filed a Petition for Writ of Mandamus with the trial court to compel OESC to pay the remainder of the $4,360.00 in benefits to which he alleged he was entitled. Appellant alleged, *inter alia*, that OESC has a nondiscretionary duty to comply with the Court of Civil Appeals' instructions to pay accrued benefits; that OESC arbitrarily, capriciously and without notice denied benefits, in violation of 40 O.S. § 2-608; and denied him due process and equal protection of the law, in violation of the 14th Amendment to the United States Constitution and Article II of the Oklahoma Constitution. The trial court denied the petition, and this appeal followed.

¶ 3 In its Order Denying Petition for Writ of Mandamus, the trial court ordered:

[U]pon consideration of the oral arguments presented by both parties, this Court finds that Petitioner failed to file weekly unemployment claims after August 31, 1996. Therefore, Respondent complied with the Court of Appeals' decision issued February 10, 1998 and properly paid Petitioner the unemployment compensation authorized by statute.

¶ 4 Appellant contends the trial court's denial of the writ of mandamus was contrary to law and an abuse of discretion. In support of his contention, he asserts that OESC's refusal to pay was an arbitrary and capricious denial of benefits in violation of statute and a collateral attack on the opinion of Division 2. He argues OESC had no discretion to withhold payment of benefits after the opinion was issued and that OESC's refusal to pay violated his constitutional rights to due process and equal protection of the laws.

¶ 5 In the first appeal of this case, Division II held:

[T]he issue on appeal is whether the evidence supports the Board of Reviews's (sic) finding that Claimant was discharged from his employment for misconduct, thereby *disqualifying* him for unemployment benefits ... [Emphasis supplied.]

. . .

1. Appellant intentionally included only the first and last pages of the appellate opinion as an exhibit. Appellant labeled it "Exhibit C". Page 1 of the opinion was labeled "Exhibit C, Page 1", and page 7 of the opinion was labeled "Exhibit C, Page 2". The only items designated by Appellant in this appeal are:
   1. Petition for Writ of Mandamus filed July 24, 1998

2. Petitioner's Brief in Support of Petition for Mandamus filed July 24, 1998.
3. Order Denying Petition for Writ of Mandamus filed August 7, 1998.
4. Petitioner's Appendix of Exhibits offered in support of Petition for Writ of Mandamus filed July 24, 1998.

The evidence, as determined by the hearing officer and adopted by the Board of Review, does not support the finding that Claimant was discharged for misconduct sufficient to deny unemployment benefits ... The Board of Review's denial of benefits is therefore not supported by the evidence and the district court's order affirming that denial was in error. Therefore, this case is reversed and remanded with instructions to award unemployment benefits to Claimant. [Citations omitted.]

¶ 6 Claimant contends the question of whether he was eligible for benefits was necessarily determined by the Court of Civil Appeals and that the OESC has no discretion to require additional proof of eligibility. He contends also that if the OESC knew of facts which would make him ineligible for benefits after August 31, 1996, it should have given notice of this to the Appeals Tribunal or the Board of Review. He claims it cannot be raised now, and that under § 2–608, any issue directly passed on or necessarily involved in the appellate decision has now become final and conclusive for all purposes of the Act between OESC and Appellant.

¶ 7 In effect, OESC argues that a Claimant may be "qualified" for benefits, but not be "eligible" for benefits. "Eligibility" requirements of the Employment Security Act of 1980 (the Act), 40 O.S.1991 § 1–101 et seq., appear in Part 2 of the Act, §§ 2–201 to 2–209, whereas conditions for "disqualification" under the Act appear in Part 4. See §§ 2–401 to 2–418.

¶ 8 Section 2–202 provides:

An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that he satisfies the provisions of this Part 2.

¶ 9 We construe the opinion of Division 2 as a ruling on the issue of whether Appellant was discharged from his employment for misconduct, thereby disqualifying him from receiving benefits. The Court not only held he was not discharged for misconduct, but it also remanded with instructions "to award unemployment benefits to Claimant." We construe this to mean that Division 2 found Appellant to be "qualified" for benefits in an unspecified amount. The Court's instruc-

tions "to award" benefits to Claimant upon remand was an order to determine *through an evidentiary hearing* the proper amount of benefits, i.e., to determine Appellant's *"eligibility"* for benefits in a particular amount.

¶ 10 Under the facts of this case, denial of benefits to Appellant for failure to file weekly claims during the pendency of the previous appeal, constituted an abuse of discretion. It is undisputed that Appellant's benefits period began July 23, 1996. It is not logical to assume that his alleged failure to file weekly work search claims with OESC after August 31, 1996, could have been raised at the time his claim was initially denied on August 15, 1996. Upon the denial of his claim, Appellant began the appellate process, and a change in the process occurred at that time. To adopt the philosophy of OESC would require an applicant to file a new application for benefits every week, and upon denial, file a new appeal every week. This would require a multiplicity of appeals, and we cannot adopt that philosophy. The purpose of the Act, which is to avoid economic insecurity by setting aside compulsory reserves for the benefit of persons unemployed through no fault of their own would be violated. *Uniroyal Goodrich Tire Co. v. Oklahoma Employment Sec. Com'n*, 1996 OK CIV APP 7, 913 P.2d 1377, citing *Vester v. Bd. of Review of Okl. Employment Security Commission*, 1985 OK 21, 697 P.2d 533.

¶ 11 OESC states in its brief it did not have sufficient time to prepare a written response to Appellant's petition for mandamus, but it appeared for the oral argument. It argues that "in the proper forum" OESC could present evidence to show Appellant is ineligible for benefits after August 31, 1996, and that he received notice of the weekly filing requirements. Copies of letters were presented as exhibits to Appellant's petition in the district court, but we are told no witnesses appeared and no evidence was received. Moreover, no record was made of the oral argument. Yet, the district court made the finding that Appellant failed to file weekly unemployment claims after August 31, 1996, based on "the oral arguments presented by each party". This was error. The district court should have vacated the OESC

order and remanded the case to the Board of Review for a hearing to determine the amount of benefits to which Appellant was "eligible" to receive.

¶ 12 In *Uniroyal Goodrich Tire Co. v. Oklahoma Employment Sec. Com'n,* 1994 OK CIV APP 129, 887 P.2d 1380, 1382, this Court stated:

Section 2–606 [2] restricts the evidence before the Board of Review to the evidence considered by the appeal tribunal, unless (1) additional evidence is adduced by the Board, or (2) evidence, at its direction, is received by the appeal tribunal referee. In other words, before "additional evidence", in addition to that considered by the appeal tribunal, may be considered by the Board of Review, it must "adduce" the evidence or direct that it be presented.

¶ 13 We read § 2–606 to allow additional evidence to be submitted. Under 40 O.S. 1991 § 2–504, a claimant is to be advised of the reasons for which he is determined to be ineligible for, or disqualified from, receiving benefits. Section 2–504 provides:

A determination upon a claim for benefits shall be made promptly by a representative of the Commission. It shall include a statement as to whether and in what amount claimant is entitled to benefits for the week with respect to which the determination is made. *In the event the claimant is determined to be ineligible for or disqualified from benefits under Part 2 or Part 4 of this article the determination shall state the reasons therefor.* The initial determination in a benefit year shall include a statement as to whether the claimant has been paid the wages required under this act, and if so, the beginning and ending dates of the benefit year, the weekly benefit amount, and the maximum total amount of benefits payable

to him with respect to such benefit year. [Emphasis supplied .]

¶ 14 Mandamus may issue in a situation where a refusal to act would work a great wrong or a denial of justice. *Sharp v. Tulsa County Election Board,* 1994 OK 104, 890 P.2d 836. The district court should have issued the writ of mandamus and remanded the case to the Board of Review of the OESC for further proceedings.

¶ 15 The judgment is reversed, the writ is issued, and this case is remanded to the Board of Review of the OESC. The Board of Review is directed to hold a hearing to determine the amount to which Appellant is entitled for unemployment compensation. Whether he has been employed and whether he complied with OESC "work search" requirements will be an issue; but he may not be denied any benefits for failure to file weekly claims or "work search" reports, or on the basis of some other technical or procedural matter. When the correct amount due is determined, OESC is ordered to pay that amount to Claimant.

¶ 16 Riddell's request for appeal related attorneys fees is denied.

¶ 17 REVERSED AND REMANDED WITH DIRECTIONS.

JOPLIN, J., and BUETTNER, P.J., concur.

---

2. 40 O.S.1991 § 2–606 provides:
The Board of Review shall review the record on such further appeal filed by any of the parties entitled to notice on a determination. The Board of Review may conduct a formal hearing upon a request of a party or on its own motion. On such further appeal the Board of Review may affirm, modify or reverse any decision of an appeal tribunal referee on the basis of evidence previously submitted, *or on the basis of additional evidence as it may adduce,* or, at its direction, received by an appeal tribunal referee.... [Emphasis supplied.]