2013 OK CIV APP 46

Elbert MOORE, Plaintiff/Appellant,

v.

OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Oklahoma Employment Security Commission Board of Review and Independent School District No. 1–01 of Tulsa County, Oklahoma a/k/a Tulsa Public Schools, Defendants/Appellees.

No. 109,605.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 27, 2012.

Certiorari Denied April 29, 2013.

Heath Merchen, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Teresa Thomas Keller, Oklahoma City, Oklahoma, for Defendant/Appellee Oklahoma Employment Security Commission.

J. Douglas Mann, Jerry A. Richardson, Rosenstein, Fist & Ringold, Tulsa, Oklahoma, for Defendant/Appellee Independent School District No. 1 of Tulsa County

JOHN F. FISCHER, Chief Judge.

¶ 1 Elbert Moore appeals the district court's order affirming the decision of the Oklahoma Employment Security Commission's Board of Review denying Moore's application for unemployment benefits. Because the Board's decision is not supported by evidence, we reverse and remand with directions to grant unemployment benefits to Moore.

## BACKGROUND

¶ 2 Moore had been employed by the Tulsa Public Schools[1] for twenty years. In May 2010, Moore's supervisor informed him that she was going to recommend to the School Board that his contract to teach for the 2010–2011 school year not be renewed. Moore received a letter from the School Board notifying him that he could contest the recommendation for non-renewal of his contract at a pre-termination hearing scheduled for July 8, 2010. On June 4, 2010, Moore resigned his position and did not appear at the hearing. Moore applied for unemployment benefits to the Oklahoma Employment Security

Commission but his request was denied. The Commission found that Moore had voluntarily left his employment without good cause and that there was no evidence he had been discharged. Moore appealed this decision to the Commission's Appeal Tribunal which conducted a hearing on October 19, 2010. The Appeal Tribunal found that Moore had voluntarily left his employment without good cause and disallowed Moore's request for benefits. Moore appealed this decision to the Board of Review which affirmed the decision of the Appeal Tribunal without any additional hearing. Moore appealed the Board of Review's decision to the district court. The district court's order affirming the decision of the Board of Review is the subject of this appeal.

## STANDARD OF REVIEW

¶ 3 Moore's appeal to the district court of the Board of Review's decision is authorized by 40 O.S. Supp.2008 § 2–610(1). That statute provides, in part:

> Within the ten (10) days after the day a notice of decision of the Board of Review is mailed to the parties, the Oklahoma Employment Security Commission, or any party to the proceedings before the Board of Review, may obtain judicial review thereof by filing in the district court of the county in which the claimant resides ... a petition for review of such decision, against the Board of Review. ... In any proceeding under this section the findings of the Board of Review as to the facts, if supported by evidence, shall be conclusive and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court. ...

This Court applies the same standard of review applied by the district court. *Gilchrist v. Bd. of Review of the Okla. Emp't Sec. Comm'n*, 2004 OK 47, ¶ 6, 94 P.3d 72, 74.

## ANALYSIS

¶ 4 There is essentially no dispute as to the material facts developed at the October 19,

---

1. The terms "Tulsa Public Schools" and "School Board" refer to the defendant/appellee Independent School District No. 1 of Tulsa County.

2010, hearing in this case. While he was on sick leave, Moore met with his school superintendent in May 2010. Moore testified that at this meeting his superintendent told him that he was "retired as the math teacher." If the superintendent had the final decision making authority, this case would be simple. Moore would have been terminated and eligible for unemployment benefits. Unemployment compensation exists "for the benefit of persons unemployed through no fault of their own." 40 O.S.2011 § 1–103.

¶ 5 However, the superintendent did not have authority to terminate Moore. The ultimate decision to renew or not renew Moore's contract had to be made by the School Board. Moore received a letter stating that The School Board sent Moore a letter stating that it had received a letter from his superintendent recommending that Moore's contract not be renewed. The letter informed Moore that he could contest the recommendation of non-renewal at a hearing scheduled for July 8, 2010.

¶ 6 At the October 2010 hearing before the Commission's Appeal Tribunal, Moore testified that he believed he would be terminated if he attended the hearing because he knew of other situations in which hearings had been conducted on the issue of whether to accept a recommendation to terminate a teacher, and that none of the teachers in those situations were successful in avoiding termination. Moore also testified that he knew the hearing would be conducted in a meeting open to the public and members of the news media and that the School Board broadcast its hearings on television. Moore believed that he would be humiliated at this hearing and that his reputation as a good teacher for the previous twenty years would be damaged. Finally, Moore testified that he believed that the entire process would be harmful to his health. In order to avoid the hearing and its perceived consequences, Moore submitted a letter of resignation on June 4, 2010.

¶ 7 It is undisputed that Moore voluntarily resigned from his employment. The dispositive issue in this appeal is whether Moore had good cause for that decision.

An individual shall be disqualified for benefits for leaving his or her last work voluntarily without good cause connected to the work, if so found by the Commission.

40 O.S.2011 § 2–404(A). The Appeal Tribunal hearing officer who conducted the October 2010 hearing determined that Moore did not have "good cause" for his resignation because "[i]t was not certain that [Moore] would be terminated as a result of [the School Board] hearing." Moore argues that this finding is not supported by "substantial evidence." To support this proposition, Moore cites a decision from the Oklahoma Court of Criminal Appeals regarding the quantity of evidence, i.e. "substantial evidence," required to support a district court's certification of a juvenile charged with the crime of murder to stand trial as an adult. That is not the standard of review in this Court or the district court. "In any proceeding under this section the findings of the Board of Review as to the facts, if supported by evidence, shall be conclusive...." 40 O.S. Supp.2008 § 2–610(1). Consequently, although the heightened evidentiary standard relied on by Moore is not applicable, the Commission's decision must be supported by some evidence.

¶ 8 Only two witnesses were called, sworn and testified at the October hearing, Moore and Irmgard Tatic with the Tulsa Public Schools. Moore testified that in his twenty years as a teacher he knew of other teachers who had been granted hearings and all of them had been fired after the hearing. Ms. Tatic did not contradict Moore's testimony or address the issue, and there is no documentary evidence in the record addressing this issue. The only support cited by the hearing officer for his finding that the outcome of Moore's pre-termination hearing was not certain was a statement made by Moore's teachers' union advocate who was representing him at the hearing. In response to a question from the hearing officer, the advocate stated that in the twenty-seven years she had been representing teachers in pre-termination hearings she had only one teacher who was successful in avoiding termination. This statement was not volunteered by Moore's advocate, and she did not rely on it in her closing statement. The central

question in this appeal is whether the hearing officer was entitled to rely on this statement in rendering his decision.

¶ 9 The proceeding in which this statement was made was an "individual proceeding" governed by the provisions of the Administrative Procedures Act, 75 O.S.2011 §§ 250 to 323. *Question Submitted by: Mr. James H. Page, Executive Director, Oklahoma Employment Security Commission,* 1981 OK AG 29 (March 24, 1981). "In an individual proceeding, all parties shall be afforded an opportunity for hearing.... Opportunity shall be afforded all parties to respond and present evidence and argument on all issues involved." 75 O.S.2011 § 309(A) and (C). At the hearing, "[a]gencies may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs." 75 O.S.2011 § 310(1). Clearly, had the advocate been called as a witness by Moore and testified to the same facts she provided in her answer to the hearing officer, her testimony would have been admissible. But she was not called as a witness by Moore, she was not "sworn to tell the truth," and counsel for the School Board was not given an opportunity to cross-examine the advocate. In an individual proceeding, "[a] party may conduct cross-examinations required for a full and true disclosure of the facts." 75 O.S.2011 § 310(3). Just as clearly, if this were a civil proceeding governed by the Oklahoma Evidence Code, the advocate's statement would not constitute evidence and could not be relied on. *Willis v. Sequoyah House, Inc.,* 2008 OK 87, 194 P.3d 1285 (unsworn statements of counsel have no probative value).

¶ 10 However, due process does not require adherence to all of the rules of evidence in every circumstance. *See Wood v. Indep. Sch. Dist. No. 141 of Pottawatomie County,* 1983 OK 30, 661 P.2d 892 (noting that the Oklahoma Evidence Code is not required at termination hearings for non-tenured teachers pursuant to 70 O.S.1981 § 6–103.4(E) (now repealed), and interpreting 75 O.S.2001 § 310 as not requiring the exclusion of hearsay testimony). Nonetheless, the Appeal Tribunal hearing officer, "to

whom the appeal is assigned, after affording the parties reasonable opportunity for a fair hearing, shall make findings and conclusions...." 40 O.S.2011 § 2–604.

> The cornerstone of proceedings before an administrative agency is that each party be given a full and fair hearing on all points at issue. An absence of findings of fact to support statutory conclusions of law is fatal to the validity of the decision. If the substantial rights of the parties have been prejudiced because of facially defective agency findings, conclusions, or decisions, this Court must reverse and remand for further proceedings.

*Baumgardner v. State ex rel. Dep't of Human Servs.,* 1990 OK 24, ¶ 10, 789 P.2d 235, 239. Likewise, a finding of fact must be affirmed only if the hearing officer's "finding is supported by the evidence presented at the hearing." *Nordam v. Bd. of Review of Oklahoma Emp't Sec. Comm'n,* 1996 OK 110, ¶ 10, 925 P.2d 556, 559. "Findings of fact [in an individual proceeding] shall be based exclusively on the evidence received and on matters officially noticed in the individual proceeding unless otherwise agreed upon by the parties on the record." *75 O.S.2011 § 309*(H).

¶ 11 Finally, we note that in 1998, the Legislature amended the statute governing unemployment benefit hearings. Prior to that amendment: "The Board of Review and appeal referees [were not] bound by common law or statutory rules of evidence or by technical rules of procedure...." 40 O.S. Supp.1990 § 2–607. The elimination of that exclusion in 1998 indicates legislative intent that the hearings conducted thereafter were to be governed by common law and statutory rules of evidence. *See Samman v. Multiple Injury Trust Fund,* 2001 OK 71, ¶ 13, 33 P.3d 302, 307 ("If the earlier version of a statute definitely expresses a clear and unambiguous intent ... a legislative amendment is presumed to change the existing law.").

¶ 12 It is not necessary to determine the extent to which the Oklahoma Evidence Code applies to proceedings before the Commission and the Board of Review. Nonetheless, we hold that the unsworn statement of

the advocacy specialist representing Moore in the proceeding before the Appeal Tribunal does not constitute evidence. Therefore, it cannot be relied on to support the Appeal Tribunal hearing officer's finding that the outcome of Moore's hearing before the School Board was not predetermined.[2] Absent that statement, there is no other evidence in the record to support the hearing officer's finding on this point. All of the other evidence supports Moore's contention that he had good reasons to resign. Whether those reasons constitute "good cause" determines Moore's application for unemployment benefits.

¶ 13 We find no case that has previously addressed this specific issue.[3] In *R & R Engineering Company v. Oklahoma Employment Security Commission Board of Review*, 1987 OK 36, 737 P.2d 118, an employee who resigned rather than take a substantial reduction in pay in the future was found to have had good cause for voluntarily leaving his employment and was, therefore, qualified to receive unemployment benefits. In *Pruitt v. State ex rel. Okla. Emp't Sec. Comm'n*, 1996 OK CIV APP 33, 918 P.2d 80, this Court affirmed the Board of Review's determination that an employee's resignation because the employer failed to pay commissions due the employee constituted good cause for the resignation. Moore's resignation was based, in part, on his belief that his future compensation would be eliminated on the non-renewal of his contract. Although by no means controlling in this case, *R & R* does stand for the proposition that an employer's stated intent with respect to some future action may constitute good cause for an employee's voluntary termination of employment.

¶ 14 Several cases have involved a voluntary termination in exchange for a retirement benefit package more favorable to the employee than the benefits available if terminated. For example, in *Oklahoma Employment Security Commission v. Board of Review for Oklahoma Employment Security Commission*, 1996 OK CIV APP 19, 914 P.2d 1083, this Court held that an employee who accepted the benefits of a voluntary incentive program to reduce the size of the federal workforce was not in jeopardy of losing her job and, therefore, did not have good cause for her resignation. Those cases are distinguishable from Moore's case because no "enhanced early retirement benefits" were offered. *See Uniroyal Goodrich Tire v. Okla. Emp't Sec. Comm'n*, 1996 OK CIV APP 7, ¶ 14, 913 P.2d 1377, 1381 (reversing a decision of the district court affirming the finding that voluntary acceptance of enhanced retirement benefits constituted good cause pursuant to section 2–404). The superintendent's statement that Moore "was retired" conveyed the message that on the acceptance of her recommendation Moore was being terminated with the identical benefits he would receive if he resigned and avoided the pre-termination hearing.

¶ 15 As Moore points out, his participation in the School Board's pre-termination hearing is not necessarily required before he can establish good cause for his resignation. He relies on *Glenn v. State ex rel. Oklahoma Employment Security Commission*, 1989 OK CIV APP 10, 782 P.2d 150 (Approved for publication by the Supreme Court). Glenn resigned for medical reasons that developed after she was not promoted. Her employer argued that she had an internal grievance procedure available to address the promotion issue and that she was required to pursue that procedure prior to voluntarily terminat-

---

2. Another view of this evidence is that although the outcome of these pre-termination hearings was not always certain, it was certain in all but one case. That view supports Moore's contention that any attempt to contest his superintendent's recommendation for non-renewal was futile. Nonetheless, it is not the province of this Court to substitute its judgment for that of the Appeal Tribunal hearing officer. *Tulsa Area Hosp. Council, Inc., v. Oral Roberts Univ.*, 1981 OK 29, 626 P.2d 316. However, even assuming this one instance of a successful teacher supports the hearing officer's finding, there is no evidence that Moore was aware of this instance or that it influenced his decision to resign.

3. Moore points to decisions from various other jurisdictions approving unemployment benefits if an employee resigns to avoid termination. The School Board distinguishes some of these cases. We find it unnecessary to rely on decisions from other jurisdictions in deciding this appeal.

ing her employment in order to qualify for unemployment benefits. This Court found, "no merit to the [employer's] argument that Glenn was required to file a grievance with her employer as a prerequisite to good cause for quitting her job." *Id.* ¶ 10, 782 P.2d at 151. The School Board relies on its Precedent Manual for a definition of good cause that excludes an employee's "mere belief that termination could be imminent," citing *http://www.ok.gov/oesc_web/OESC/UI_Precedent—Manual/.* First, we find nothing in any of the applicable statutory provisions that requires this definition. Although the Commission and the Board are authorized to "adopt reasonable rules governing the *manner of filing appeals* and the *conduct of hearings and appeals*," any such rules must be "consistent with the provisions of the Employment Security Act of 1980." 40 O.S2011 § 2–607 (emphasis added). The Commission and the Board are not authorized to limit the statutory definitions of "good cause" stated in sections 2–404 and 2–405. Second, the Precedent Manual definition is directly contrary to the holding in *Glenn.* Although the School Board attempts to distinguish *Glenn* as a "true constructive discharge" case, the fact is the Commission argued in that case that Glenn was required to pursue the available grievance hearing and this Court specifically rejected that argument.

¶ 16 In this case, Moore submitted evidence supporting his contention that the pre-termination hearing scheduled for July 8, 2010, was perfunctory and that his termination was certain after the "you are retired" conversation with his superintendent the preceding May. Likewise, his evidence regarding the public and personal costs of attending that hearing is substantial. Similar evidence may not justify voluntary termination of employment in every case. However, in this case, it is the only evidence in the record on this issue. Moore's evidence establishes that the pre-termination hearing was an "unusually difficult working condition" (40 O.S.2011 § 2–404(D)), and "so harmful, detrimental, or adverse to [Moore's] health, safety, or morals, that leaving the work was justified." 40 O.S.2011 § 2–405(1). We hold based on the evidence in this record that Moore had good cause for his voluntary termination as re-

quired by 40 O.S.2011 § 2–404. Consequently, the decision of the Board of Review and the district court cannot be affirmed. The decision of the district court is reversed and this case is remanded to the district court with directions to remand the case to the Board of Review for approval of Moore's claim for unemployment compensation.

## CONCLUSION

¶ 17 In May 2010, Elbert Moore's supervisor told him that she was going to recommend that his contract for the following year not be renewed. Rather than face what he believed to be certain termination at a hearing before the Tulsa County School Board and public humiliation, Moore resigned after twenty years as a school teacher for the Tulsa Public Schools. His subsequent application for unemployment benefits was denied by the Oklahoma Employment Security Commission. He appealed to the Commission's Appeal Tribunal, which found that his voluntary termination of employment was without good cause. The Appeal Tribunal and the Board of Review affirmed the original decision to deny unemployment benefits as did the district court. There is no evidence to support the Appeal Tribunal's finding that the outcome of the School Board was not certain. Further, all of the other evidence in the record shows that Moore had good cause to resign and avoid the pre-termination hearing. Therefore, we must reverse and remand this case to the district court with directions to remand the case to the Board of Review to approve Moore's application for unemployment benefits.

¶ 18 **REVERSED AND REMANDED WITH DIRECTIONS.**

BARNES, P.J., and WISEMAN, J., concur.